IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL LOCKE, | Civil No. 3:21-cv-1633 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DEPARTMENT OF CORRECTIONS, SAMUEL RUPERT, | |
| Defendants | |

FILED
SCRANTON
NOV 17 2021
Per_____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Daryl Locke ("Locke"), an inmate confined at the State Correctional Institution, Camp Hill, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). Locke seeks to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons that follow, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Standards of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Locke proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  Locke's Complaint

In this civil rights action, Locke alleges that he was wrongfully rendered ineligible for parole. (Doc. 1). The complaint alleges as follows:

> The Department of Corrections miscalculated and misstructured my sentence by running all (5) five years of my sentences consecutive for a total of 30-60 yrs. However I discovered that my sentence was actually 11½-23 yrs. I

4

> presented this issue to record specialist Samuel Rupert after requesting and receiving documents (D.C. 300B forms[)] from his office. Samuel Rupert denied my claims and stated that Philadelphia County confirmed the 30-60 yrs sentence. After obtaining the necessary documents from Defendant Rupert[']s office I filed a writ of mandamus in the Commonwealth Court. In response the Department of Corrections argued that I submitted no sentencing orders to support my claims. In response I submitted documentation to support my claims. In response the D.O.C. requested an extension of time and promptly corrected my sentence, after which the D.O.C. file[d] a motion for mootness regarding Plaintiff's mandamus which the court granted. [ ].
>
> After the D.O.C. corrected my sentence it revealed that I was 5 years and 10 months past my minimum. I filed a grievance regarding the egregious error made by the D.O.C. which resulted in my going nearly six years over my minimum w/o ever seeing the Parole Board or even being prepared by the D.O.C. to see the Parole Board.

(*Id.* at pp. 4-5).

Locke alleges that the above conduct involves cruel and unusual punishment, unlawful restraint, and slavery, and violates the due process clause of the United States Constitution. (*Id.* at p. 6). He seeks punitive damages and declaratory relief. (*Id.*).

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

5

> injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Locke's claim is not cognizable under § 1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983, unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Learner v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."). *Heck* applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). It also applies to parole board decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

6

Any award or decision in Locke's favor that concerns his maximum or minimum sentence would necessarily imply the invalidity of Locke's detention. Consequently, he cannot pursue a civil rights action under 42 U.S.C. § 1983. Rather, Locke's proper avenue of recourse in the federal courts is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (holding that habeas relief is available to challenge the fact or duration of confinement).

Additionally, Locke has named the Pennsylvania Department of Corrections as a Defendant in this action. However, the Department of Corrections is not amenable to suit because it is not a person as required for purposes of § 1983, and it is entitled to immunity under the Eleventh Amendment. Eleventh Amendment immunity prevents Locke from suing the Department of Corrections as a matter of law. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, *see* Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Pennsylvania has not waived this immunity. 42 Pa. Cons. Stat. § 8521(b). Accordingly, the Department of Corrections is not subject to suit.

As such, Locke's complaint fails to state a claim upon which relief may be granted and must be dismissed. The Court is confident that service of process is unwarranted in this case and would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.

## IV. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that granting Locke leave to amend would be futile as any civil rights claim is simply not cognizable at the present time.

## V. Conclusion

Based on the foregoing, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 16, 2021

8